UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NORTHERN INDIANA METALS, )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.   )<br>  )<br>IOWA EXPRESS, Inc., and )<br>GATEWAY FREIGHTWAYS, Inc., )<br>  )<br>    Defendants.   ) | CAUSE NO.:  2:07-CV-414-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Sanctions Deeming Paragraph 10 and 13 of Plaintiff's Complaint Admitted by Defendant Iowa Express, and Striking Four "Affirmative Defenses" [DE 27], filed by Plaintiff Northern Indiana Metals ("Northern Indiana") on April 29, 2008.  On May 13, 2008, Defendant Iowa Express, Inc. ("Iowa Express") filed a response, and on May 20, 2008, Northern Indiana filed a reply.  For the following reasons, the Court grants the Motion in part and denies it in part.

**BACKGROUND**

On November 26, 2007, Northern Indiana filed its Complaint against Defendants, alleging that they are liable for a missing shipment of brass.  Northern Indiana asserts diversity jurisdiction under 28 U.S.C. § 1332 and/or federal question jurisdiction under 28 U.S.C. § 1331 pursuant to 49 U.S.C. § 14706 (the Carmack Amendment).  According to the Complaint, Northern Indiana sold

1

39,996 pounds of brass,[1] worth $130,181.38, to Olin Brass Corp., located in East Alton, Illinois. Northern Indiana hired Gateway Freightways, Inc. ("Gateway") to arrange for the transportation of the brass. Gateway selected Iowa Express as the common carrier to transport the load. On April 23, 2007, a driver arrived at Northern Indiana in a vehicle marked "Iowa Express." After the brass had been loaded on the vehicle, the vehicle departed. The shipment never arrived at Olin Brass Corp.'s facility in East Alton, Illinois, and has not been located or recovered.

On January 28, 2008, Iowa Express filed an Answer and Affirmative Defenses to Plaintiff's Complaint. Iowa Express denies any involvement in the April 23, 2007 pick-up.

**ANALYSIS**

In the instant Motion, Northern Indiana requests that the Court enter an Order deeming the allegations in Paragraphs 10 and 13 of the Complaint admitted. Northern Indiana contends that Iowa Express' responses to the Paragraphs are inadequate. In response to Paragraph 10, Iowa Express avers that a bill of lading shipping document "speaks for itself," and in response to Paragraph 13, Iowa Express contends that the paragraph calls for a "legal conclusion to which no response is required." Answer ¶¶ 10, 13. Additionally, Northern Indiana requests that the Court strike Iowa Express's affirmative defenses, which Iowa Express refers to as "Legal Paragraphs," because they are "neither proper affirmative defenses nor listed by the Federal Rules of Civil Procedure as permissible Affirmative Defenses." Pl.'s Br. at 5.

In response, Iowa Express first argues that the Motion fails to comply with Local Rule 7.1 because it requests multiple forms of relief in a single motion. In response to Northern Indiana's

---

[1]Northern Indiana alleges that the brass sold consisted of 16,618 pounds of 260 brass and 23,378 pounds of 110 brass.

2

request to deem the allegations in Paragraphs 10 and 13 of the Complaint admitted, Iowa Express asks that the Court grant it leave to replead its answers to those Paragraphs. In response to Northern Indiana's request that the Court strike the Legal Paragraphs, Iowa Express argues that Northern Indiana's request is untimely because it was made after the 20-day time limit to object to pleadings. However, Iowa Express concedes that Legal Paragraphs #1, #3, and #4 are improper.

### A.  Local Rules

In its response, Iowa Express contends that Northern Indiana combined two separate motions under cover of a single motion and, pursuant to the Local Rules, the Motion should be disregarded in its entirety. Local Rule 7.1 of the Local Rules of the United States District Court for the Northern District of Indiana provides, "[e]ach motion shall be separate; alternative motions filed together shall each be named in the caption on the face." N.D. Ind. L.R. 7.1(b). Here, the instant Motion is captioned: "Motion for Sanctions Deeming Paragraph 10 and 13 of Plaintiff's Complaint Admitted by Defendant Iowa Express, and Striking Four 'Affirmative Defenses.'" The caption expressly requests two separate forms of relief. Those are the only forms of relief requested in the body of the instant Motion. Thus, Northern Indiana's Motion complies with Local Rule 7.1(b) and Iowa Express' argument is without merit.

### B.  Responsive pleading requirements

Turning to the substance of the Motion, Northern Indiana contends that two paragraphs of Iowa Express' Answer fail to meet the pleading requirements of Rule 8(b) and requests that the Court deem the allegations in the corresponding paragraphs of the Complaint admitted. Iowa Express contends that deeming the corresponding paragraphs of the Complaint admitted is too harsh a penalty.

3

Rule 8(b) of the Federal Rules of Civil Procedure controls a response to a complaint and provides:

> A party must . . . state in short and plain terms its defenses to each claim asserted against it . . . and admit or deny the allegations asserted against it by an opposing party. . . . A denial must fairly respond to the substance of the allegation. A party that intends in good faith to deny all the allegations of a pleading– . . . may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted. . . . A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest. . . . A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial. . . . An allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

Fed. R. Civ. P. 8(b). Rule 8(b) thus requires a defendant to plead one of three alternatives in response to the allegations in a complaint: (1) an admission, (2) a denial, or (3) an averment that the party lacks knowledge or information sufficient to form a belief as to the truth of the averment. *See id*.

*1. "The document speaks for itself"*

Northern Indiana requests that the Court deem Paragraph 10 of the Complaint admitted because Iowa Express' response to that Paragraph neither admits, denies, or avers a lack of sufficient knowledge, nor could it be reasonably construed to do so. Paragraph 10 of the Complaint sets forth an alleged description of a bill of lading for the missing brass shipment. Iowa Express responded to Paragraph 10 by representing that "the documents referenced in Paragraph 10 speak for themselves." Answer at ¶ 10.

District courts within the Seventh Circuit have consistently found that a responsive pleading indicating that a document "speaks for itself" is insufficient and contrary to the Federal Rules of

4

Civil Procedure. *See Donnelly v. Frank Shirey Cadillac, Inc.*, No. 05-C-3520, 2005 WL 2445902, at *1 (N.D. Ill. Sept. 29, 2005) (a party may not respond to allegations in a complaint by asserting that a document "speaks for itself"); *Bankske v. Tarka*, No. 02-C-7359, 2003 WL 23149, at *1 (N.D. Ill. Jan. 2, 2003) ("several assertions . . . that a document 'speaks for itself' are . . . not permissible responses"); *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001) (finding that a party may not respond to allegations about the contents of a document by representing that the "document speaks for itself"). However, imprecisely answering that a document "speaks for itself" may be made clear if contained within the context of an enlarged, clear, coherent response. *See McGrath v. Godshalk*, No. 07 CV 34, 2007 WL 2746865, at *12 (N.D. Ind. Sept. 18, 2007) (holding that a response that a document "speaks for itself" is sufficient when used as part of a larger explanation).

Here, Iowa Express defends its response by arguing that it "intended to deny the Plaintiff's characterization of the document in the Complaint . . . evidenced by the fact that [it] . . . denied that the load at issue was delivered to an Iowa Express vehicle . . ." Def.'s Resp. Br. at 3. The piece of evidence that Iowa Express contends speaks for itself, the bill of lading signed by both the shipper and the carrier, is an important piece of evidence in this case. Iowa Express' response that the document speaks for itself could either be interpreted as an admission or denial and does not directly respond to the allegations in the Complaint. Further, Iowa Express' responses in the surrounding paragraphs of its Answer do not resolve this confusion. In the surrounding paragraphs, Iowa Express denies certain allegations and contends that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. These responses do not aid

5

the Court's interpretation of the response to Paragraph 10. As a result, Defendant's answer to Paragraph 10 is insufficient.

While the response is insufficient, the Court does not grant Northern Indiana's request that the Paragraph be deemed admitted. Rather, in the interest of resolving this case based on the merits, Iowa Express must amend its Answer so as to comply with Rule 8(b).

*2. "Legal conclusion"*

Northern Indiana requests that the Court deem Paragraph 13 of the Complaint admitted because Iowa Express' response to the Paragraph neither admits, denies, or avers a lack of sufficient knowledge, nor could it be reasonably construed to do so. Paragraph 13 alleges that the Carmack Amendment was in effect at all relevant times. Iowa Express' Answer to Paragraph 13 provides that the Paragraph "calls for legal conclusion to which no response is required." Answer at ¶ 13.

District courts within the Seventh Circuit considering whether a response that an allegation "is a legal conclusion" is sufficient have found that the response is insufficient and contrary to the Federal Rules of Civil Procedure. *See Donnelly*, 2005 WL 2445902, at *1 (quotation and citations omitted) ("Refusing to answer an allegation because it calls for legal conclusions 'flies in the face of the established doctrine that legal conclusions are a proper part of federal pleading, to which Rule 8(b) also compels a response'").

Iowa Express' averment that Paragraph 13 calls for a legal conclusion to which no response is required does not meet Rule 8(b)'s requirements. Iowa Express must amend its response to Paragraph 13 in compliance with Rule 8(b).

6

### C. Affirmative defenses

Northern Indiana next argues that Iowa Express submitted four improperly pleaded affirmative defenses and requests that the Court strike those defenses.  The Court notes that Iowa Express titles its affirmative defenses: "Legal Paragraphs #1-#4."  In response to Northern Indiana's argument, Iowa Express contends that the Motion to Strike is not timely under Rule 12(f).  Responding to the substance of Northern Indiana's argument, Iowa Express concedes that Legal Paragraphs #1, #3, and #4 are improper and that the Court should strike those arguments.  As to Legal Paragraph #2, Iowa Express contends that it is proper.

Federal Rule of Civil Procedure 12(f) governs a motion to strike and provides, in relevant part:

> [t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act: . . . on its own; or . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f).  Because a motion to strike can be used as a vehicle for delay, "it is generally not favored, is viewed as a 'drastic' remedy, and is infrequently granted." *Midland Nat'l Life Ins. Co. v. Ash Fin. Holdings Group, Inc.*, No. 1:06-CV-00066, 2006 WL 2290912, at *1 (N.D. Ind. Aug. 8, 2006) (citations omitted).  Affirmative defenses should not be stricken "'if they are sufficient as a matter of law or if they present questions of law or fact.'" *Spearman v. Tom Wood Pontiac-GMC, Inc.*, No. IP-00-1340, 2000 WL 33125463, at *1 (S.D. Ind. Dec. 22, 2000) (quoting *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)).  "The decision whether to strike material under Rule 12(f) is within the discretion of the district court." *Midland Nat'l Life Ins. Co.*, 2006 WL 2290912, at *1 (citing *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992)).

Here, Iowa Express filed a responsive pleading on January 28, 2008. Northern Indiana received immediate notification of the filing through the Court's electronic filing system. Northern Indiana did not file the instant Motion until April 29, 2008, approximately 90 days after Iowa Express filed its Answer. Thus, pursuant to Rule 12(f), Northern Indiana's Motion to Strike Iowa Express' affirmative defenses is not timely. However, Rule 12(f) also allows for a court to act on its own outside the twenty day time limit and strike a pleading if a defense is insufficient or if any material contained therein is redundant, immaterial, impertinent, or scandalous. *See* Fed. R. Civ. P. 12(f)(1). Acting on its own behest, and pursuant to Rule 12(f)(1), the Court will now conduct an analysis of the substance of Iowa Express' Answer.

Because Iowa Express concedes that Legal Paragraphs #1, #3, and #4 are improper and should be stricken, the Court strikes those defenses. With regard to Legal Paragraph #2, Northern Indiana asks that the Court strike the defense because it is not a statutorily recognized defense. In Legal Paragraph #2, Iowa Express alleges that Northern Indiana was contributorily negligent and is at least partially responsible for any damages it suffered as a result of the missing brass shipment.

The analysis of liability under the Carmack Amendment is a burden shifting consideration. First, the plaintiff must show (1) delivery in good condition; (2) arrival in damaged condition; and (3) the amount of damages. *Allied Tube & Conduit Corp. v. Southern Pacific Transp. Co.*, 211 F.3d 367, 369 (7th Cir. 2000). If the plaintiff makes its showing, the burden of production then shifts to the carrier (party contracted to perform transportation services) to show that it was not negligent and that the damage to the goods was caused by an act of God, a public enemy, an act of the shipper himself, a public authority, or the inherent vice or nature of the goods. *See id*. at 369-70; *Mach Mold Inc. v. Clover Assoc., Inc.*, 383 F. Supp. 2d 1015, 1030 (N.D. Ill. 2005).

8

Here, Iowa Express argues that the loss alleged by Northern Indiana was caused by Northern Indiana's own negligence, or at least that Northern Indiana's negligence contributed to the loss. Northern Indiana argues that Iowa Express' contributory negligence defense is a state common law defense not recognized by the Carmack Amendment.  However, pleading that acts of the shipper brought about the loss is a recognized statutory defense.  *See* 383 F. Supp. 2d at 1030.  Here, Iowa Express alleges that Northern Indiana, the shipper, contributed to the loss, and thus has pleaded a recognized defense.  Accordingly, this Court denies Northern Indiana's Motion to Strike Legal Paragraph #2.  Iowa Express, in its response, requests leave to replead and rephrase Legal Paragraph #2.  The Court grants the request.

## CONCLUSION

Having considered the Motion and applying the relevant standards, the Court hereby **DENIES IN PART AND GRANTS IN PART** the Motion for Sanctions Deeming Paragraph 10 and 13 of Plaintiff's Complaint Admitted by Defendant Iowa Express, and Striking Four "Affirmative Defenses" [DE 27].  The Court **DENIES** Northern Indiana's request that Paragraphs 10 and 13 of its Complaint be deemed admitted.  The Court **ORDERS** that Iowa Express file an Amended Answer as to Paragraphs 10 and 13 of Northern Indiana's Complaint on or before **July 24, 2008**.  The Court **GRANTS** Northern Indiana's request to strike Legal Paragraphs #1, #3, and #4 and hereby **STRIKES** those affirmative defenses.  The Court **DENIES** Northern Indiana's request to strike Legal Paragraph #2.  The Court **ORDERS** that Iowa Express file an Amended Answer as to Legal Paragraph #2 on or before **July 24, 2008**.

SO ORDERED this 10th day of July, 2008.

9

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record